# Ex Parte NALL.

[MOTION FOR MANDAMUS TO STRIKE CAUSE FROM TRIAL DOCKET.]

1. *Admissibility of parol evidence, in aid of record, to identify pending cause.*—On motion to strike from the trial docket a case in which a new trial had been granted at the last preceding term, the marginal statement of the parties' names, both in the entry of the motion on the motion docket, and in the entry of the order on the minutes, being erroneous, parol evidence is admissible to identify the case and correct the mistake.

APPLICATION for a *mandamus* to the circuit court of Pike, Hon. JOHN GILL SHORTER presiding, to compel that court to strike from the trial docket a cause in which Jefferson Darby and others were plaintiffs, and the petitioner, James P. Nall, was defendant. On the motion in the circuit court, as appears from the bill of exceptions, it was shown that, at the September term, 1859, a trial was had in the cause, which resulted in a verdict for the defendant; that a new trial was granted, at the same term, on the plaintiffs' application; and that in the entry of the motion for a new trial on the motion docket, and of the order on the minutes granting the new trial, the cause was entitled, "Jefferson Darby, *et al. vs.* M. M. Nall, and J. P. Nall." On the motion to strike the cause from the docket, the defendant objected to the admission of the motion docket and minute entry as evidence, because the entries therein related to another and a different case; but the court overruled his objections, and permitted the plaintiffs to prove, by parol evidence, that said entries had reference to the case in which James P. Nall was the sole defendant, and that there had been no case in court in which he and M. M. Nall had been joint defendants. The defendant reserved exceptions to these rulings of the circuit court, and he now makes them the basis of his application to this court.

C. CUNNINGHAM, for the motion, cited Lewis v. Lewis, 25 Ala. 316; Reid v. Brasher, 7 Porter, 448 ; Hudson v. Hudson, 20 Ala. 364.

A. J. WALKER, C. J.—The *mandamus* in this case is sought upon the ground, that the grant of a new trial, as stated in the entry upon the minutes, is shown by the marginal description of the parties to be applicable to a case in which there was another defendant besides the proper defendant in the cause. The court below held, that extrinsic evidence was admissible, to show the applicability of the order granting a new trial to the case. In so ruling, we think the court committed no error. We think that, from necessity, the connection of the order with the case may be shown ; and that being shown, the error in the description of the case will stand corrected by the other parts of the record. — Smith v. Redus, 9 Ala. 99 ; Savage & Darrington v. Walshe, 26 Ala. 633. The decision in Smith v. Redus, *supra*, is precisely in point.—See Code, §§ 2403, 2404.

Motion refused.