THEODORE G. STEINKE, RECEIVER, APPELLANT, *v.*
M. N. GRAVES, RESPONDENT.

FOREIGN RECORD—AUTHENTICATION—AUTHORITY OF DEPUTY CLERK.

A record of a court of another state, showing the appointment of a receiver, with the certificate of the clerk in due form, whose name is signed by a deputy, with the seal of the court attached, followed by the certificate of the presiding judge that the clerk is the proper custodian of the records, and that the certificate is in due form, with a further certificate of the clerk to the official position of the judge, in due form, with the name of the clerk, signed by his deputy, to which the seal of the court is also attached, is sufficiently authenticated.

(No. 867. Decided Feb. 26, 1898.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action by Theodore G. Steinke, receiver of the Cass County Bank, against M. N. Graves on a note. Plaintiff was nonsuited, and appeals. *Reversed.*

*Frank Pierce,* for appellant.

In general, all ministerial duties which the principal has a right to perform, may be discharged by a deputy. This is a common-law rule. 5 A. & E. Enc. 624; *Wright* v. *Langenour,* 5⅝ Cal. 280 (282), citing 4 Cal. 188; *Jobson* v. *Fennell,* 35 Cal. 711; *Miller* v. *Mayor of New York,* 109 U. S. 385; the Confiscation cases, 87 U. S. 111; *Rose* v. *Newman* (Tex.), 80 Am. Dec. 648, and cases cited in note; Note, 41 Am. Dec. 169; *Muller* v. *Boggs,* 25 Cal. 175; *Roberts* v. *People,* 13 Pac. 630.

A public officer may delegate to a deputy the right to subscribe the name of his principal, and the act of the deputy in the name of the principal within the scope of his authority, is the act of his principal. *Abrams* v. *Ervin,* 9 Ia. 87; *Triplett* v. *Gill* (Ky.), 7 J. J. Marsh 438 (440); *Com.* v. *Arnold* (Ky.), 3 Litt. 316; *Hope* v. *Sawyer,* 14 Ill. 254 (257); *Ellison* v. *Stephenson* (Ky.), 6 T. B. Mon. 271, at p. 276, under-clerk and deputy distinguished.

A state may have a more liberal law on the subject of attestation of foreign records than that prescribed by congress. Black on Judgments, Sec. 876; *Parke* v. *Williams,* 7 Cal. 247; *Ellis* v. *Ellis,* 55 Minn. 401; *Bean* v. *Loryea* (Cal.), 22 Pac. 513; *Carpenter* v. *Ritchie* (Wash.), 28 Pac. 380; *Kingman* v. *Cowles,* 103 Mass. 283.

That a state court may construe its own statute on that subject more liberally, follows naturally.

*C. F. Loofbourow, Rogers & Evans,* and *A. G. Horn,* for respondent.

It is a familiar rule that before a copy of a record of the court of a sister state is admissible in evidence it must affirmatively appear that it is authenticated in the mode provided by the statute; and the statute must, in this respect, be strictly followed. *Smith* v. *United States,* 5 Peters 292; *West Jersey Traction Co.* v. *Board of Public Works* (N. J. L.), 38 At. Rep. 581; *Block* v. *United States,* 7 Ct. of Cl. 406; *Kansas Pac. Ry. Co.* v. *Cutler,* 19 Kas. 83; *Morris* v. *Patchin,* 24 N. Y. 394; *Lothrop* v. *Blake,* 3 Pa. St. 483 (495); *Sampson* v. *Overton* (Ky.), 4 Bibb. 409; *Donohoo* v. *Brannan* (Tenn.), 1 Overt 327.

ZANE, C. J.:

This action was instituted to recover $3,491.40, alleged to be due the Cass County Bank upon a promissory note executed by M. N. Graves, the defendant. The plaintiff alleged in his complaint that he was duly appointed receiver of the bank, with authority to take possession of its assets, collect all indebtedness when due, and to bring and prosecute all necessary suits in so doing, and that he duly qualified, and entered upon his duties as such receiver. The defendant filed an answer containing general denials of all the essential allegations of the complaint. On the trial of the case the note sued on was admitted in evidence, and the plaintiff offered in evidence a transcript purporting to be a copy of a record of the district court of Cass county, Iowa, showing his appointment and qualification as such receiver, to which the following certificates were attached:

"State of Iowa, Cass County—ss.: I, Ambrose Pellett, clerk of the district court of the state of Iowa within and for said county, do hereby certify that the above and foregoing is a full, true, and complete copy of the record of the appointment of the receiver in the above-entitled cause,

the official bond of said receiver, the written oath of office sworn to by him, as full, true, and complete as the same remains on file in my office. In witness whereof, I have hereunto set my hand and fixed the seal of the district court this 25th day of July, A. D. 1894. Ambrose Pellett, Clerk. W. H. McConville, Deputy. [ Seal District Court. ] "

" State of Iowa, Cass County—ss.: I, Walter I. Smith, a judge of the district court in and for the Fifteenth judicial district of said state, composed of the counties of Audubon, Montgomery, Cass, Fremont, Mills, Pottawattamie, Shelby, and Page, do hereby certify that Ambrose Pellett, Esq., who has given the preceding certificate, was at the time of so doing the clerk of the state of Iowa in and for Cass county, in said district court duly qualified as such; that he is the proper custodian of the records of said court, and the proper officer to give such certificate; and that the same is in due form of law. Witness my hand at Atlantic, Iowa, this 26th day of July, 1894. Walter I. Smith, Judge of the Fifteenth Judicial District."

" State of Iowa, Cass County—ss.: I, Ambrose Pellett, clerk of the district court of the state of Iowa in and for the county, do hereby certify that the Hon. Walter I. Smith, who gave the preceding certificate, was at the time of so doing a judge of the district court of the state of Iowa in and for the 15th judicial district, composed of the counties of Audubon, Montgomery, Cass, Fremont, Mills, Pottawattamie, Shelby, and Page, duly commissioned and sworn, to all whose acts as such full faith and credit are and ought to be given. In testimony whereof, I have hereunto set my hand and affixed my seal of said court at Atlantic the 26th day of July, 1894. Ambrose Pellett, Clerk of the District Court of Cass County, Iowa. W. H. McConville, Deputy. [ Seal of District Court. ] "

Defendant's counsel objected to the admission of the transcript in evidence, because it did not appear to be sufficiently authenticated. The principal objection to the authentication was that the certificates of the clerk did not appear to have been signed by him, that his signature appeared to have been signed by a deputy. The objection was sustained by the court, and a nonsuit was granted, and an exception taken by the plaintiff. The certificate purported to have been made by the clerk, and was signed, " Ambrose Pellett, Clerk," and under his name was written " W. H. McConville, Deputy." The seal of the district court was also attached. This certificate to the record purporting to have been made by the clerk of the court was followed by a certificate of the judge of the court in which he stated that Ambrose Pellett, who gave the certificate, was at the time of so doing "the clerk of the state of Iowa in and for Cass county, in said district court, duly qualified as such; that he was the proper custodian of the records of said court, and the proper officer to give such certificate; and that the same was in due form of law." Following the judge's certificate is another certificate of the clerk to the official character of the judge, and this is signed, " Ambrose Pellett, Clerk of the District Court of Cass County, Iowa," and under this is written the name, " W. H. McConville, Deputy," and to this certificate is also attached the seal of the court. The signature of the clerk does not purport to have been signed by the deputy, and the judge, in effect, states in his certificate that the certificate of the clerk to the transcript was given by Ambrose Pellett, clerk of the court; that he was the custodian of the records of the court, and the proper officer to give the certificate; and that it was in due form of law. But, conceding the clerk's name was signed to the certificate by his deputy, the question arises, was the copy of

the record sufficiently authenticated? In such case we must assume that the judge knew the clerk of his own court and his deputy, and that he meant to state that the certificate of the clerk, with his name signed to it by the deputy, was " in due form of law." The certificate of the clerk includes his signature. Without it, or with his signature signed by a person having no right to sign it, it would not be his certificate, and would not be in due form of law. The purpose of the certificate of the judge to a transcript to be used in a court of another state is to inform such court that the clerk who certifies to it is the proper person to do so, and that he has done so in due form of law. Section 905, Rev. St. U. S., declares that " the records and judicial proceedings of the courts of any state or territory, or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge or presiding magistrate, that the said attestation is in due form." The attestation of the record in question purports to have been the attestation of the clerk. The law quoted required the clerk's name to the certificate, signed by himself, or his deputy, with legal authority to do so. In either case it would, in law, be the clerk's signature, and the certificate would be his. Ministerial duties of a public officer may be discharged by a deputy, while judicial duties cannot. When the law authorizes a clerk to appoint a deputy without any express limitation upon his power, such deputy, when appointed, may do any act that his principal may. The duties of the office may be discharged by either, and, unless there is some express limitation upon the authority of the deputy, he may exercise any of the duties pertaining to the office, as the necessity or convenience of the public

may demand their use. *Young* v. *Thayer*, 1 G. Green 196; *McGavran* v. *Haupt*, 9 Ia. 83; 5 Com. Dig. "Officer," (D. 3); the Confiscation cases, 20 Wall. 92, 111; *Rose* v. *Newman*, 80 Am. Dec. 646; *Livingston* v. *Kettelle*, 41 Am. Dec. 180, note.

The following language is used in 5 Com. Dig., *supra*: "A deputy has power to do every act which his principal might do. R. 1. Sal. 95. And he cannot be restrained to some particulars of his office, for that would be repugnant to his being deputy. Id." While the lawmaking power may require a ministerial officer to discharge the duties of his office in person, or may authorize a portion of such duties to be discharged by a deputy, and the rest to be discharged alone by such principal, the officer, under a law giving him the power to appoint a deputy, cannot so limit the deputy's authority, unless the law expressly authorizes him to do so. In *Young* v. *Thayer*, *supra*, the court said: "The name of the clerk is affixed to the attestation by his deputy, and it must be presumed that such an attestation is authorized by the laws of Indiana from the certificate of the presiding judge, who certifies that certificate is in due form of law; and we will not go behind the certificate of the judge to inquire into the power of the deputy to issue writs and sign certificates in the name of his principal; under the laws of Indiana the office of a presiding judge's certificate being to advise a court of another state that such attestation is in due form of law." In the Confiscation Cases, *supra*, the court said: "Another objection urged against the proceedings in the district court is that the warrant, citation, and monition was not signed by the clerk of the court. It was attested by the judge, sealed with the seal of the court, and signed by the deputy clerk. This was sufficient. An act of congress authorized the employment of the deputy,

and, in general, a deputy of a ministerial officer can do every act which his principal might to." We have been referred to *Sampson* v. *Overton*, 4 Bibb. 409. In that case the court held that the register might act by his deputy, and that an attestation of a copy of his deputy would be sufficient; but that an attestation by his under-clerk, who was not a deputy, would not. It is true, there is a conflict in the authorities upon the point; but the weight of authority appears to be that the name of the clerk may be signed to his certificate to a transcript to be used in evidence by his deputy. We hold that the court erred in sustaining defendant's objection to the record, and in entering judgment against the plaintiff. The judgment appealed from is reversed, and the cause is remanded, with directions to the court below to grant a new trial. Costs are awarded to the plaintiff.

Bartch and Miner, JJ., concur.