ESTATE OF O. F. DAVIS V. ALBERT WATKINS, RECEIVER.

FILED OCTOBER 5, 1898. No. 8305.

1. National Bank: ASSESSMENT OF STOCKHOLDER: INTEREST. An assessment levied by the comptroller of the currency on a stockholder of a national bank draws interest from the date such assessment is made payable.

2. ———: APPOINTMENT OF RECEIVER: CERTIFICATE. The commission or written appointment of a receiver of a national bank issued by the comptroller of the currency, signed by him and attested with his seal of office, is a certificate within the meaning of section 884, Revised Statutes United States.

3. ———: ———: EVIDENCE. Such a certificate proves itself, and is admissible in evidence without extraneous proof of its genuineness.

4. Judicial Notice: ACTS OF CONGRESS. The courts of this state take judicial notice of the acts of congress providing for the appointment of a deputy comptroller of the currency and defining his powers and duties.

5. National Banks: ACTION AGAINST STOCKHOLDER: ASSESSMENTS. In

a suit against a stockholder of a national bank to recover assessments levied against him by the comptroller of the currency it will be presumed that the stock certificate bearing the corporate seal of the bank was issued and signed by the officer having authority so to do.

6. ——: ——: ESTOPPEL. In such a suit the validity of the incorporation of the bank is a collateral issue, and the stockholder is estopped from asserting that it is not a corporation de jure.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed upon filing of remittitur.*

*Kennedy & Learned,* for plaintiff in error.

*Tibbets Bros., Morcy & Ferris* and *Bradley & De Lamatre,* contra.

RAGAN, C.

Oscar F. Davis owned 50 shares, of $100 each, of the capital stock of the First National Bank of Ponca, Nebraska. The bank became insolvent. The comptroller of the currency of the United States appointed Albert Watkins receiver of said bank and levied an assessment of 100 per cent upon the stockholders of said corporation. Davis died, and the receiver filed the claim against his estate in the county (probate) court of Dixon county. From the allowance of that claim by the county (probate) court the administrator of Davis appealed to the district court of said county, where the trial resulted in a verdict and judgment in favor of the receiver, and the administrator of Davis brings that judgment here for review on error.

1. The district court awarded the receiver judgment for $5,000, with seven per cent interest thereon from July 12, 1893, the date on which the comptroller of the currency made an assessment upon the stockholders. The first complaint of the administrator is as to the allowance of this interest. His contention is that the estate is not liable for interest on this claim until it was

23

allowed by the county (probate) court May 5, 1894. But the assessment made by the comptroller was payable on or before August 12, 1893, and we think that it drew interest from that date. In *Casey v. Galli*, 94 U. S. 673, it was held that the assessment drew interest from the date it was made; and the same ruling was made in *Bowden v. Johnson*, 107 U. S. 251. In each of those cases it appears that the assessment was payable on the date it was made. Here the assessment was payable thirty days after it was made, and, within the principle of the cases cited, would draw interest from the time it was payable. The judgment of the district court is for $29.16—or one month's interest—too much.

2. The second argument is that the court erred in receiving in evidence what is known in the record as Exhibit 1, being the commission or written appointment of Watkins as receiver. The document was signed "Oliver P. Tucker, Deputy and Acting Comptroller of the Currency," and was attested by the seal of office of the comptroller. The argument is that no foundation was laid for the introduction in evidence of this commission, as there was no proof of the genuineness of Tucker's signature, and no evidence that he had any authority to execute such an instrument. Section 884, Revised Statutes United States, provides: "Every certificate, assignment, and conveyance executed by the comptroller of the currency, in pursuance of law, and sealed with his seal of office, shall be received in evidence in all places and courts; and all copies of papers in his office, certified by him and authenticated by the said seal, shall in all cases be evidence equally with the originals." The exhibit referred to is not of course an assignment or a conveyance. It is not, nor does it purport to be, a copy of any paper or record in the comptroller's office. But this exhibit is the original certificate, writing, or commission issued by the comptroller of the currency appointing Watkins receiver. If this appointment or writing had been deposited in the comptroller's office, then a copy

thereof, certified by him and attested by his seal, would, by reason of the statute just quoted, have been competent evidence equally with the original, and the seal would have authenticated the genuineness of the comptroller's signature; and since the exhibit in question is the original certificate, appointment, or commission, the seal thereon guaranties the genuineness of the comptroller's signature and the certificate proves itself.

As to the point that there is no evidence that Tucker was deputy and acting comptroller of the currency, and if he was such, that he had authority to issue this commission, we think the fact that he was in possession of the comptroller's office and performing its duties raises the presumption that he was the comptroller's duly appointed and acting deputy and clothed with power to perform the acts which he did perform. Furthermore, by act of congress the comptroller of the currency is invested with authority to appoint receivers for insolvent national banks. (See Revised Statutes U. S., sec. 5191.) And the acts of congress expressly provide for the appointment of a deputy comptroller of the currency and authorize him to perform the same duties as his principal. (See Revised Statutes U. S., sec. 327.) Of these statutes this court will take judicial notice.

3. The third assignment of error relates to the admission in evidence by the district court of what is known in the record as Exhibit 2, being the order made by the comptroller of the currency assessing the stockholders of this bank. This certificate was signed by James H. Eckels, comptroller of the currency, and was attested by his seal of office. It was objected to as evidence because no proof had been adduced that the signature attached thereto was the signature of the comptroller. What has been said in reference to the admissibility in evidence of the receiver's commission is applicable to this argument and it need not be further noticed.

4. The certificate of stock held by Davis in his lifetime was dated February 3, 1887, and signed by Fay

Mattison, vice-president, F. M. Dorsey, cashier. On the trial, for the purpose of showing that these gentlemen were the vice-president and cashier, respectively, of the bank at the time the certificate of stock was issued the court permitted the receiver to introduce in evidence what is known in the record as "pages 11 and 12 of the minute book," being the proceedings of the board of di- rectors of the bank at a meeting held January 11, 1887, at which time Mattison was elected vice-president and Dorsey cashier of the bank. This ruling of the court is the next thing complained of. It is insisted that this evidence was incompetent because no proof was intro- duced to show that the proceedings recorded in the min- ute book actually occurred; in other words, that they were genuine. We need not stop to inquire whether the court erred in admitting this evidence, as in no view of the case could its admission have prejudiced the plain- tiff in error, since the undisputed evidence is that Davis in his lifetime was the holder of a certificate calling for 50 shares of the capital stock of this bank; that this certificate was signed by Mattison as vice-president and Dorsey as cashier and attested by the corporate seal of the bank, and that after the death of Davis this certifi- cate came into the hands of his administrator as an asset of his estate, and that on this certificate he received div- idends from this bank. In other words, the undisputed evidence is that Davis was at all times after February 3, 1887, a stockholder of the bank. In this proceeding it will be presumed that this certificate bearing the seal of the corporation was issued and signed by officers having authority to do so.

5. A final argument which we notice is that the evi- dence fails to establish the corporate existence of the bank; but the validity of the incorporation of this bank is a collateral issue which cannot be tried in this action. The administrator's intestate subscribed for and re- ceived stock in this bank, and he is estopped now from denying the validity of its incorporation. (*Casey v. Galli*, 94 U. S. 673.)

The defendant in error will be permitted to file within thirty days a remittitur of $29.16, and if he do so the judgment of the district court thus modified is affirmed, otherwise reversed.

AFFIRMED UPON FILING OF REMITTITUR.