[Jordan v. McDonnell, et al.]

# Jordan *v.* McDonnell, *et al.*

## *Assumpsit.*

(Decided May 7, 1907.  44 South. 101.)

1. *Release; Effect of Receipt.*—The effect of the provisions of section 1805, Code 1896, is to render unnecessary a formal release under seal, and to give effect to the receipt or release according to the intention of the parties.

2. *Same; Construction; Scope.*—Where a litigation was settled by an agreement that defendant should receive a certain property and pay all court costs and turn certain bonds and cash over to a named person and her husband, a receipt for the bonds and cash in full settlement of the contest of the will in pursuance of such settlement agreement does not relieve defendant from liability for costs.

3. *Evidence; Parol; Parol Aiding Record; Admissibility.*—Where one agrees to pay the other party's cost arising in certain suits, in an action to recover costs on the agreement, parol evidence is admissible to show that the litigation in which the costs, sought here to be recovered, was paid, related to the suits named; such evidence not tending to impeach or supply the place of the record, but being in aid thereof to identify the subject matter.

4. *Same; Judicial Notice; Acts of Congress.*—The courts take judicial notice of the acts of Congress.

5. *Same; Documentary Evidence.*—A copy of a writ of error from the United States Circuit Court with a seal attached to the certificate which certificate was signed "C. J. Allison, Clerk of U. S. Circuit Court, per Ina Allison, Deputy Clerk," is sufficiently authenticated for its admission as evidence; section 905, Rev. St. U. S. not being exclusive and records of judicial proceedings being admissible when proved in any other way provided by state statutes or as recognized by the common law.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Fennell McDonnell and others against Llewellyn Jordan to recover costs paid.  From a judgment for plaintiffs, defendant appeals.  Affirmed.

R. H. WALKER and S. S. PLEASANTS, for appellant.— Under section 1805, Code 1896, the sum paid may be much less than the amount really due, but if the receipt

[Jordan v. McDonnell, et .al.]

in writing is given as a full discharge of the debt, in the
absence of mistake or concealment or misrepresentation,
the receipt must have operation according to the inten-
tion of the parties.—*Murphy v. Black,* 41 South. 877;
*Eufaula Nat. Bank v. Passmore,* 102 Ala. 370; *Smith
v. Galyc,* 58 Ala. 600; *Cowan v. Sapp,* 74 Ala. 44. The
court erred in admitting the purported copy of the writ
of error to the U. S. Circuit Court. It was not properly
attested.—*Beal v. The State,* 138 Ala. 98; *Pearce v.
Clements,* 73 Ala. 258; *King v. Martin,* 67 Ala. 181;
*Russell v. Huntsville, etc.,* 137 Ala. 627; 17 A. & E.
Ency. La, 919; Sec. 905 Rev. St. U. S.

DAVID A. GRAYSON, for appellees.—No brief came to
the Reporter.

SIMPSON, J.—Appellant and appellees' intestate
had been engaged in litigation in the probate court of
Madison county and in the United States courts in re-
gard to the probate of the will of Mattie Lee Fennell,
until finally the proposition of settlement and the ac-
ceptance thereof, as shown in the record, were made.
The suit was brought by appellees' intestate to recover
certain costs which were claimed to be due by appellant
to appellee. When the case was before this court at a
previous term the point ·of controversy was as to
whether, according to the terms of the settlement, the
appellant was liable to reimburse the appellees' intes-
tate for costs which had been paid out by her, or only
liable for costs which were unpaid at the time of the
settlement. This court held that the proper construction
of the terms of the settlement was that the appellant
was liable, not only for the unpaid costs, but also for
the costs which had been paid by the other party.—
*McDonnell v. Jordan,* 142 Ala. 279, 38 South. 122.

The first point presented by the brief of the appellant is that, in view of the fuller statement of the facts of the case now brought to the attention of this court, the above-mentioned case should be reversed. The additional fact brought to the attention of the court is the receipt given by appellees' intestate, which appellant claims shows that the parties themselves, at the time of the settlement, placed a different construction on the agreement of settlement from that which the court placed upon it As the proposition and acceptance set out in the record show, the agreement of settlement was that appellant was to receive certain property, and was to pay "all court costs, lawful debts against the estate, and special administrator's fees, and to give and cause to be turned over to Dr. and Mrs. McDonnell, out of the cash assets of the estate of Mattie Lee Fennell, the sum of $13,000, to include the Alabama bonds belonging to the estate. No court costs or other charges, arising from or connected with any proceedings concerning the contest of or petition to probate the will shall attach to or be paid by Dr. or Mrs. McDonnell." The proposition of settlement made by McDonnell is dated September 20, 1902, and the acceptance on the same day, and the papers were filed in court on the 22d of September; and the only way in which the additional fact relied on was brought to the attention of the court was by the pleas filed by the defendant to which demurrers were sustained. The fifth plea "to the complaint, and to each count thereof separately," alleges that "after the execution of the contract sued on, and on the 22d day of September, 1902, $8,000 in Alabama state bonds and $5,000 in cash were paid over by defendant to plaintiffs' intestate, and the same was accepted by plaintiffs' intestate in full settlement of the contest of the will of Mattie Lee Fennell, deceased, and plaintiffs'

intestate and her husband, Henry McDonnell, thereupon executed a receipt in words and figures as follows, to-wit: 'Huntsville, Ala., Sept. 22, 1902. Received of Llewellyn Jordan and W. E. Jordan, executors of the last will and testament of Mattie Lee Fennell, dec'd eight one thousand dollar Alabama state bonds and five thousand dollars in cash, in full settlement of contest of the will of Mattie Lee Fennell, deceased, in pursuance of settlement made and dated September 20th, 1902.' "

The counts of the complaint claim various amounts paid as costs to the United States Circuit Court and to the United States Court of Appeals, and several of the counts specify that the sums were deposited in said United States courts, in accordance with rules, for the costs. One claims for amount paid for stenographic work. All are in the cases settled by the agreement. Said fifth plea does not allege that the bonds and money were received in full satisfaction of all the court costs and other charges which were to be paid by appellant, but merely follows the language of the receipt; alleging that they were received "in full settlement of the contest of the will of Mattie Lee Fennell." So the receipt itself proves all that was alleged in said plea, leaving nothing to be proved by parol. The single question, then, is whether the words used in the receipt indicate that the amount received was in full satisfaction of the costs that were to be paid by the defendant.

As heretofore decided, the only effect of section 1805 of the Code of 1896 is to dispense with the necessity of a formal release under seal, and give effect to the receipt of release "according to the intention of the parties."— *Stegall v. Wright,* 143 Ala. 204, 38 South. 844, and cases cited. It will be noted that according to the agreement of settlement the defendant was to turn over the identical bonds and the amount of money mentioned in the

receipt, and in addition thereto was to pay "all court costs," etc.; and it was specifically provided that none of these were to "attach to or be paid by Dr. and Mrs. McDonnell." The receipt was made almost contemporaneously with the agreement, and there is nothing in it to indicate that any compromise or release from the obligations of the agreement was made; but, on the contrary, the receipt states that the payment was made "in pursuance of the settlement." Besides, the facts set out show that there was no reason why there should have been any compromise, as the defendant had ample means in his possession to satisfy the entire contract. This being the case, we cannot escape the conclusion that the receipt of the bonds and money was simply in discharge of that part of the agreement of settlement, leaving the obligation to pay costs, etc., just as provided in the agreement, as it was construed by this court. Consequently the causes of demurrer 4 and 5 to plea 5 were properly sustained.

The thirty-seventh, thirty-eighth, thirty-ninth, and fortieth assignments of error relate to the overruling of the objections to the testimony of the witness Cooper, as detailed in the showing made. The objection is that it was incompetent to prove by the witness that the litigation in the United States courts, in which the costs were paid, related to the contest of the will referred to in the pleading. This suit is not on the judgment, and the evidence did not tend to impeach or supply the place of the record. The evidence was only in aid of the record, to identify the subject-matter, and was properly admitted.—17 Cyc. 578, 579; *Rake's Adm'r v. Pope,* 7 Ala. 162; *Ex parte Nall,* 36 Ala. 299; *Strauss v. Meertief,* 64 Ala. 300, 38 Am. Rep. 8. The testimony of said Cooper identifies $198.60 of the costs paid in the United States courts as being in a case growing out of the con-

test of the will of Mattie Lee Fennell, and the testimony of the witness Richardson identifies $306.25 of said costs in the same way; and as to the witness Greenleaf, while he does not definitely say that the costs testified about grew out of the contest of the will of Mattie Lee Fennell, yet the references are so clearly to the same proceedings that, in the absence of any objection, it must be considered as undisputed that these costs refer to the same proceedings as those testified about by Cooper and Richardson.

The only other assignments of error insisted on by the appellant are the forty-first and forty-second, which relate to the overruling of defendant's objections to the introduction of certified copies of writs of error from the Supreme Court of the United States and the United States Circuit Court for the Northern District of Alabama. The certificate states in the attesting clause that the seal of the court is attached, and although no seal appears in the record, yet, as the objections do not go to the omission of the seal, we take it for granted that the seal was affixed. The objections urged are that the certificate is not authenticated according to the act of Congress, and that it is not signed by the clerk of the court, but is signed, "Charles J. Allison, Clerk of the U. S. Circuit Court, per Ina Allison, Deputy Clerk." While it is said to be the uniform practice to follow the requirements of Rev. St. U. § 905 (U. S. Comp. St. 1901, p. 677), as to the certificate of the clerk and judge in authenticating the records of the United Ctates courts (*O'Hara v. Mobile & Ohio R. Co.*, 76 Fed. 718, 22 C. C. A. 512), yet it has been held that, even as to those records coming strictly under the provisions of the act of Congress, it is not exclusive; but records of judicial proceedings may be proved in any other way provided by state statute or recognized by the common law.—2

Elliott on Evidence, § 1362. But the decisions are the act of Congress does not apply to the authentication of the proceedings of the federal courts.— *Turnbull v. Payson*, 95 U. S. 418, 24 L. Ed. 437; *Adams v. Way*, 33 Conn. 419; *Williams et al. v. Wilkes*, 14 Pa. 228; *McGregor v. Hampton*, 70 Mo. App. 98; 2 Elliott on Ev. § 1368; 3 Wigmore on Ev. § 2164; *Allison v. Robinson*, 136 Ala. 434, 34 South. 966.

According to all of these decisions, the question as to how the proceedings of the federal courts are to be authenticated depends upon whether or not they are foreign tribunals; and it is held that neither as to federal courts in other districts nor as to state courts are they foreign tribunals; the general result being that a transcript from a federal court, certified by its clerk, with the seal of the court, is admissible in any court, state or federal. It was held at an early day by our own court that the courts of the United States are not foreign tribunals, and that their proceedings, certified by their clerk and authenticated by their seal, will be recognized by the courts of this state.—*Womack, Adm'r v. Dearman*, 7 Port. 513. It is the seal which is recognized, and not the signature of the clerk, although the signature of the clerk is necessary; and, when he who is known to be the custodian of the seal of the court signs his name and affixes the seal, his signature is presumed to be genuine and the seal properly affixed.—2 Elliott on Ev. § 1376.

It has been held that an authentication under the statute (Rev. St. § 905) cannot be made by a deputy clerk, because that statute requires the attestation to be by the "clerk."—*Willock v. Wilson*, 59 N. E. 757, 178 Mass. 68; *Kansas Pac. Ry. v. Cutter*, 19 Kan. 83. But the decisions are not harmonious on this subject; others taking a contrary view.—*Hull v. Webb*, 78 Ill. App. 617; *Young v. Thayer*, 1 G. Greene (Iowa) 196; *Wil-*

*liams v. Williams,* 53 Mo. App. 617; *Steinke v. Graves,* 52 Pac. 386, 16 Utah, 293; *Greasons v. Davis,* 9 Iowa, 219. The cases differ, also, on the question as to whether the signature of a deputy will be recognized to those instruments not having a seal; some of them drawing a distinction between signing the name of the principal "per" the deputy, and merely signing the name of the deputy, as such.—*Moore v. Farrow,* 3 A. K. Marsh. (Ky.) 41; *Ward v. Henry,* 19 Wis. 76, 88 Am. Dec. 672; *Slaughter v. Barnes,* 13 Am. Dec. 190, and note; *Martin v. Aultman & Co.,* 49 N. W. 749, 80 Wis. 150; *Himmelmann v. Hoadley,* 44 Cal. 213; *Joyce v. Joyce,* 5 Cal. 449. In our own court at an early day, where the only signature to the service of a writ was "B. Brandon, D. S.," the court held that it could not judicially know deputy sheriffs, and stated that "the writ should be executed and returned in the name of the sheriff."—*Land v. Patterson,* Minor, 14.

But other elements must be taken into consideration in determining the validity of the authentication in this case. "The affixing of a seal, in the authentication of records, is regarded as the highest evidence of the authenticity of the records so certified."—2 Elliott on Evidence, p. 611, § 1376. When the seal is attached, and the certificate "purports to be executed by an officer," "the official character of the person thus purporting to act as officer will also be presumed."—3 Wigmore on Ev. p. 2947, § 2168; 2 Elliott on Evidence, p. 617, § 1382. The courts of the state take judicial notice of the acts of Congress.—*Davis' Est. v. Watkins,* 76 N. W. 575, 56 Neb. 288; *White v. Saint Guirons,* Minor 332, 12 Am. Dec. 56. The acts of Congress provide for the appointment of deputy clerks.—4 Fed. St. Ann. p. 75, § 624. Under these authorities we hold that the authentication was sufficient.

The judgment of the court is affirmed.
Affirmed.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.