# Norvell, *et al. v.* Gilreath.

## *Assumpsit.*

(Decided November 7, 1914.   66 South. 635.)

1. *Guaranty; Action on; Complaint.*—Where, pending an action to determine the ownership of an interest in land in which a corporation owned mineral rights, the corporation executed a mortgage to secure the payment of royalties in the event such action was decided in favor of the mortgagee, and N. and others executed a guaranty of performance by the corporation, in an action on such guaranty, it was not material whether the complaint in its allegation as to the former suit correctly described the defendant therein as to whether he was sued as trustee or otherwise.

2. *Same.*—Where a complaint set out a mortgage reciting an indebtedness to be secured thereby on account of royalties in mineral lands in the event that the mortgagee should be determined to be the owner of such land, and alleged that defendants guaranteed the performance of the mortgage agreement, such complaint was not demurrable as failing to show a promise on the part of the mortgagor or defendants to pay any debt to plaintiff.

3. *Same; Validity; Consideration.*—Where a mortgage was given to secure the payment of royalties from mineral rights in the event that the mortgagee should be declared to be the owner of the lands containing the minerals, such mortgage reciting that certain parties

[Norvell, et al. v. Gilreath.]

had agreed to guarantee the payment of such sum, and contemporan-
eously therewith, a guarantee of performance of the mortgage agree-
ment was executed, reciting that it was made for valuable considera-
tion set forth and expressed in the mortgage referred to, the two
agreements were part of one transaction, and the mortgagee's for-
bearance pending the suit to determine the title to land, constituting
the consideration for said mortgage was sufficient to support the
guaranty.

4. *Same; Condition Precedent.*—Under the conditions here shown,
it was not necessary that suit should have been brought against the
mortgagee and that an execution should have been returned unsatis-
-fied before the bringing of an action on the guaranty, since sections
5153, et seq., are without application thereto.

5. *Same; Action; Variance.*—Where the action was on the guar-
anty of the performance of the conditions of a mortgage given to
secure the payment of royalties, pending a suit against the mortgagee
by the heirs of J. W. K. to determine an interest in the land. there
could be no recovery in a court of law on a guaranty given to secure
the performance of the mortgage on the showing that a suit against
the mortgagees by the administrators of the estate of W. R. K. had
been determined in favor of the mortgagee; the remedy being by a
resort to chancery to correct the mortgage before proceeding in
law.

6. *Same; Plea.*—In an action on the guaranty of performance of
the terms of a mortgage executed contemporaneously therewith, a
plea alleging that the mortgage had been foreclosed, the property
sold. and the mortgage thereby satisfied, was subject to demurrer,
since an exhaustion and an extinguishment of the mortgage security
does not necessarily imply a satisfaction in full of the debt secured
by the mortgage and guaranty.

7. *Same; Evidence.*—Where some question had arisen as to a
credit which plaintiff had at one time agreed to give defendant on
the consideration that an injunction suit should be dismissed, and
plaintiff was allowed to ask one of defendants whether the injunc-
tion suit had not been dissolved, and an appeal taken to the Su-
preme Court. and whether the contract in suit was not then made,
to which defendant replied to the best of his recollection the allowing
of such question and answer did not constitute reversible error,
although the pertinency of the evidence was not clear.

8. *Evidence; Best and Secondary.*—Such evidence is not objection-
able as secondary as the leading purpose of the question was to fix
the time of the contract, with reference to progress of the injunction
suit which could not have been shown by the record; also because
parol testimony may become primary evidence, though there is
written evidence of the same fact, if the essential fact to be proven
is not the contents of a written instrument, but is an independent
fact to which the writing was merely collateral, or of which it is
merely an incident.

9. *Appeal and Error; Harmless Error; Pleading.*—Where the case
went to the jury upon a plea that the debt sued on had been paid,
no harm resulted from the rejection of a plea that the mortgage had
been foreclosed, the property sold. for a specified sum, and the
mortgage satisfied, even if it be conceded that such plea sufficiently

averred a payment or discharge of the mortgage debt, as the defenses were practically the same.

10. *Same; Evidence.*—The admission of questions preliminary to the introduction of a certified copy of a record of a former suit, and intended to identify it, although not carefully framed to avoid an infringement of the parol evidence rule, was harmless, where the record was subsequently introduced, and was not only conclusive in respect to the matters inquired about, but was in consonance with the answers to such questions.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Belton Gilreath as trustee, against Peyton Norvell and others on a guaranty. Judgment for plaintiff and defendants appeal. Reversed and remanded.

The complaint sets out a mortgage executed by the Carbon Hill & Lost Creek Coal Company, in which it is recited that Belton Gilreath, as trustee, claims to be the owner of an undivided one-half interest in certain lands, the mineral rights in which was heretofore leased by the former owners of the land, and that the Carbon Hill & Lost Creek Coal Company claims the right to operate the mine under said lease; also that the heirs of J. W. King, deceased, claim to be the owners of the same undivided half interest in the land, and have instituted suit against said Belton Gilreath for the recovery of said land. And as the said coal company is either indebted to the said Gilreath or to the heirs of said J. W. King, deceased, on account of the royalties accruing to said undivided one-half interest in said land, aggregating the sum of $1,691, therefore this mortgage was given to secure to the said Belton Gilreath the payment of that sum in the event that he is declared to be the owner of said undivided one-half interest. The mortgage then conveys to Gilreath certain property, and recites that Peyton Norvell and Evan Bynom have agreed to guarantee the payment of

such sum to the said Gilreath as trustee in the event he shall be determined to be the owner of said land. The mortgage contained the usual covenants and conditions, and was executed by the corporation by Norvell, as president. The guaranty set out in the complaint is as follows:

For a valuable consideration set forth and expressed in a certain agreement made contemporaneously herewith by Belton Gilreath as trustee, as party of the first part, the Carbon Hill & Lost Creek Coal Company, as parties of the second part, and Peyton Norvell and Evan Bynom as parties of the third part, the said Peyton Norvell and Evan Bynom hereby guarantee the performance of the foregoing agreement by the said Carbon Hill & Lost Creek Coal Company.

It is then averred by way of amendment to the complaint that said suit against Belton Gilreath for the recovery of the lands described in the certain writing aforesaid, which suit was pending in the Supreme Court of Alabama on appeal from the circuit court of Walker county, Ala., was finally determined on, to wit, July 20, 1907, in favor of said Belton Gilreath as trustee, by a judgment of the Supreme Court of Alabama, and that the said Carbon Hill & Lost Creek Coal Company have failed to pay the said Belton Gilreath, as trustee, the said sum of $1,691, with interest thereon at the rate of 6 per cent. per annum from the time the same was due and payable, and have failed to perform said agreement, and that there is now due and unpaid to plaintiff by the said coal company said sum. The following are the pleas referred to in the opinion:

(4) Defendants allege that they were only guarantors on the contract set up in the said complaint, and the plaintiff herein upon the failure of the principal in said contract to perform the same should now sue

said principal. (5) Defendants allege that they were only guarantors on the contract set up in said complaint, and plaintiff herein, upon the failure of the principal in said contract to perform the same, did not sue the principal, and the said principal has not to this date been sued by plaintiff, and reasonable diligent effort has not been made by the plaintiff to collect the amount sued for in this action from the principal. (16) No suit was filed against the principal in said contract prior to the institution of this suit. (17) No suit was filed against the principal on the contract mentioned in the complaint, and prosecuted to judgment and execution returned "no property found" prior to the filing of the suit against defendant.

The substance of pleas 7, 18, and 12 appear.

DAVIS & FITE, for appellant.

A. LEO OBERDORFER, and LEWIS BERKOWITZ, for appellees.

SAYRE, J.—This is a suit upon a written guaranty executed by appellants contemporaneously with a certain mortgage given by the Carbon Hill & Lost Creek Coal Company as further security for the mortgage debt; the mortgage and the guaranty containing cross-references to each other and together showing the consideration upon which the two contracts were executed.

There was no error in allowing the amendment to the complaint. Indeed, if any significance whatever is to be attached to the use of the descriptive word or phrase "trustee" or "as trustee" in connection with the averment of the party defendant in the suit to which the complaint refers, the amendment was necessary to the harmony of the complaint in that respect, for at

different places the defendant there was averred to be "Gilreath trustee" and "Gilreath, as trustee." But aside from this, the formal description in the complaint before us of the defendant in the former suit, whether that suit was at law or in equity, was of no consequence save in the way of a proper verbal accuracy. It indicated nothing as to the merits of either controversy, for in both the rights of the parties were and are to be determined upon consideration of the substantial averments of the pleadings and the tenor of the judgment or decree rendered or to be rendered.—*A. C. G. & A. Ry. Co. v. Heald,* 178 Ala. 636, 59 South. 461. According to principles prevailing in this court in reference to the amendment of pleadings, the amendment here was properly allowed.—*Brown v. Loeb,* 177 Ala. 106, 58 South. 330.

The mortgage from the Carbon Hill & Lost Creek Coal Company to plaintiff, set out in extenso in the complaint, recites an indebtedness to be secured to plaintiff in a certain event alleged in the complaint to have happened. It is also alleged in the complaint that defendants did guarantee the payment of the same debt in the same event. This recital of the mortgage and this allegation of the complaint suffice to answer those grounds of demurrer which go upon the notion that there is no allegation of a promise on the part of the coal company or defendants to pay any debt to plaintiff.

As we have said, the mortgage and the contract of guaranty contain cross-references to each other. The two were executed on the same day, and have a common purpose. They are therefore to be construed as part and parcel of one transaction. The guaranty was expressed in the following language:

"For valuable considerations, set forth and expressed in a certain agreement [meaning the mortgage] made contemporaneously herewith by Belton Gilreath, trustee, as party of the first part, Carbon Hill & Lost Creek Coal Company, as party of the second part, and Peyton Norvell and Evan Bynom, as parties of the third part, the said Peyton Norvell and Evan Bynom hereby guarantee the performance of the foregoing agreement by the said Carbon Hill & Lost Creek Coal Company. In witness whereof," etc.

It is said by the demurrer that this agreement appears to be obnoxious to the statute of frauds, for that it fails to express the consideration upon which it was made. The mortgage agreement shows a new consideration very plainly, to wit, the mortgagee's forbearance pending the suit to determine the title to the land. The two agreements having been executed contemporaneously, the consideration of the principal contract, moving concurrently to the obligors in both, was sufficient to support the collateral, and none other was necessary.—*Dilworth v. Home Furniture Co.*, 183 Ala. 608, 62 South. 812.

The demurrer took the further ground that the complaint failed to show that suit had been brought against the principal debtor and plaintiff's remedy against it exhausted by a return of "no property found"—this under section 5153 of the Code, et seq. But the statute has no application. Instruments by which the maker, as in the case at bar, guarantees the payment of a specific sum of money at the end of a stated period are usually held to be absolute contracts of guaranty, and in such cases nothing of a preliminary nature on the part of the creditor is required by law to perfect his rights. It becomes the duty of the guarantor in such cases to see that his principal pays the debt at the time

stipulated.   This is substantially the language of *Left-kovitz v. First Nat. Bank of Gadsden,* 152 Ala. 527, 44 South. 613, where authorities are cited.   True, the liability of defendants here was conditioned upon the determination of the then pending suit in a certain way; but this condition is met by the specific averment of the complaint.   In *Caulfield v. Finnegan,* 114 Ala. 39, 21 South. 484, cited by appellants on this branch of their agreement, the suit was by an indorsee of a nonnegotiable promissory note · against his indorser; the indorsement in that case, like the indorsement of a paper negotiable according to the law merchant, imparting a contract or engagement, not as absolute surety or guarantor, but that the paper will be paid according to its tenor, conditioned on due diligence on the part of the holder.   And in such case the statute prescribes the measure of diligence to be exercised by the indorsee.   So in *Kyle v. Bellenger,* 79 Ala. 516, and the other cases cited by appellants to this point.   They are without point for the reason that plaintiff was not an indorsee.   It follows that the demurrer to the complaint was properly overruled.   It results, also, from what we have said in this paragraph, that the demurrers to special pleas 4, 5, 16, and 17 should have been sustained, as they were.

Plea 7 was bad.   The substance of this plea was that the mortgage had been foreclosed, the property sold, and the mortgage thereby satisfied.   It is to be noted that there is no allegation that the debt in suit had been paid or satisfied.   A mortgagee after default has several remedies.   Among others, he may foreclose, and, if the proceeds are insufficient to discharge the mortgage debt, the mortgagor is personally liable for the deficiency.   But an exhaustion and extinguishment of

the mortgage security does not necessarily imply a satisfaction in full of the mortgage debt.

Plea 18 seems to be bad for like reasons. The substance of this plea is that the mortgage had been foreclosed, the property sold for the sum of $2,500, and the said mortgage thereby satisfied. Let it be noted that is no averment that the debt had been paid or discharged, nor any that the sum of $2,500, enough to discharge the debt, had been paid. Upon a strict construction it seems necessary to read something into the plea in order to make it good. If, however, the plea be construed as a sufficient averment of the payment or discharge of the mortgage debt—and it could not have served any other purpose—still no harm resulted to appellants by its rejection for the reason that they might have made the same defense under plea 6, which was that the debt sued on had been paid before the institution of this suit, and upon which the case went to the jury, and as matter of fact they offered evidence with that end in view.

Plea 12 was that: "The alleged contract of these defendants was a guaranty of a pre-existing debt and no consideration moved to these defendants for such guaranty."

Plea 13 was to the same effect, except that the averment was that no new consideration moved to defendants. These pleas were nothing more than a reiteration of the theory of the demurrer to the complaint. If defendants executed the contract sued upon—and its execution was not denied, and must therefore be taken as admitted—then the contract was supported by a sufficient consideration as we have stated in our discussion of the demurrer to the complaint, and the averment of the pleas that no consideration moved to defendants was misleading. There was hence no error

in sustaining the demurrers to these pleas. Defendants were allowed, however, to go to the jury on a plea which averred in general terms that the agreement was without consideration and void.

Appellee (plaintiff) was allowed to ask certain questions concerning the suit mentioned in the mortgage as pending at the time of the execution of the mortgage and the agreement sued upon, and appellants excepted to the action of the court in overruling their objections. These questions were merely by way of preliminary to the introduction of a certified copy of the record of that suit, which was subsequently put in evidence, and were intended perhaps to identify that suit as the one referred to in the mortgage, in the agreement sued upon, and in the complaint in this cause. If it may be said that in some particulars they were not carefully framed to avoid an infringement of the rule against parol proof of the contents of a record, their lapse was of no consequence; for—pretermitting here the error in its introduction to which we will presently come—the record was introduced, as we have said, and spoke, not only conclusively in respect to the matters inquired about, but in consonance with the answers given to those questions.

Some questions arose in the progress of the trial concerning a credit of $200 which plaintiff at one time had agreed to give defendants on consideration that an injunction suit one of them had in Walker county should be dismissed. The difference between the parties about this credit did not appear in the pleadings. Plaintiff was allowed to ask one of defendants, testifying as a witness, whether the injunction had not been dissolved, an appeal then taken to the Supreme Court, and then the contract in suit made. The witness answered that such was his recollection. The pertinency

of this evidence is not entirely clear, but we do not find reversible error in its allowance. It is objected here that it was secondary, and that the fact should have been proved by the record. But it is apparent that one, if not the leading, purpose of the question, viz., the location of the making of the contract with reference to the then progress of the injunction suit, could not have been served by the record. And, besides: "It often happens that parol testimony as to a fact may be primary evidence, although there is written evidence of the same fact. If the essential fact to be proved is not the contents of a written instrument, but an independent fact to which the writing is merely an incident, there is no reason for the application of the rule under discussion. In such cases the contents of the document are no part of the issue, and there is no agreement that the writing shall be the sole repository of the fact."—Jones, Ev. § 203.

Our cases support the rule which we have quoted from Jones for the reason only that it is there very clearly expressed.—*P. & M. Bank' v. Borland,* 5 Ala. 531; *Jordan v. McDonnell,* 151 Ala. 279, 44 South. 101; and others that might be cited.

The mortgage set forth in the complaint, for the purpose of showing the consideration for the promise of defendants sued upon, recites that: "Whereas the heirs of J. W. King, deceased, also claim to be the owners of the said undiveded one-half interest in said lands, and have heretofore instituted suit against said Belton Gilreath, trustee, for the recovery of the same, which suit is now pending in the Supreme Court of Alabama on appeal from circuirt court of Walker county, Ala." etc.

As showing the fulfillment of the condition upon which the liability of defendants depended, the com-

plaint alleged that: "It was finally determined by a final judgment in a court of competent jurisdiction, in a certain suit wherein the heirs of J. W. King, deceased, were plaintiffs, and Belton Gilreath, as trustee, was defendant, that the said heirs of said J. W. King, deceased, had no right, title, or interest or valid claim to" the said lands, etc.

In support of these averments of the complaint plaintiff was allowed to introduce the record of a suit entitled *"E. W. King, as Administrator, and Martha Boshell, as Administratrix of the Estate of W. R. King, deceased, v. Belton Gilreath, defendant."* We see no escape from the conclusion that there was a material variance between this evidence and the allegations it was intended to support and prove. The estate of W. R. King is not the estate of J. W. King, nor are the administrators of a man's estate his heirs by virtue of their office, nor is there privity of estate between them. This variance may have been, probably was, the result, of an inadvertence in drawing the mortgage; but, if so, the mortgage itself furnishes no means of correction, nor can it be corrected in a court of law. Plaintiff's remedy to that end was in the court of chancery. This court, having due regard for the established and approved safeguards of the law, cannot afford to indulge specious interpretations of such instruments, nor can it ignore errors of so vital a character. For this error the judgment in this cause must be reversed. We do not deem it necessary to consider other assignments of error which have been pressed in argument. They are either without merit, or the controlling principles involved have been indicated in what we have already said.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.